**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                    BKY No.: 09-50779-RJK
                                                                  Chapter 7
Dennis E. Hecker,

               Debtor.

_____

Randall L. Seaver, Trustee,                               BKY No.: 11-05001-RJK

               Plaintiff,

vs.                                                       **DEFENDANT'S NOTICE OF**
                                                          **MOTION AND MOTION FOR**
Estate of William James Prohofsky,                        **REMAND TO STATE COURT**

               Defendant.

_____

TO:    Randall L. Seaver, Trustee through his attorney Matthew R. Burton, Leonard,
        O'Brien, Spencer, Gale & Sayre, Ltd., 100 South Fifth Street, Suite 2500,
        Minneapolis, MN 55402, and other entities specified in Local Rule 9013-3:

      1.    Lee Prohofsky, acting as Personal Representative of the Estate of William

James Prohofsky, through his attorney, moves the court for an order remanding the

above-entitled cause from the United States Bankruptcy Court for District of Minnesota

to the Hennepin County District Court, Probate Division, of the State of Minnesota, from

which it was removed on or about January 5, 2011, pursuant to the plaintiff's Notice of

Removal.

      2.    The court will hold a hearing on this motion on February 2, 2011, at 2:00

p.m., or as soon thereafter as counsel may be heard, in courtroom number 8-West, at the

United States Courthouse, at 300 South Fourth Street, Minneapolis, Minnesota.

3.     Any response to this motion must be filed and served not later than January 28, 2011, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.     This motion arises under 28 U.S.C. § 1447. This motion is filed under Fed. R. Bankr. P. 9013 and 9014 and Local Rules 9013-1 and 9013-2.

5.     The plaintiff's Notice of Removal alleges that the action is a core proceeding and that the court has original jurisdiction over the matter. The issue of the disposition of probate property, which is the specific matter brought before the probate court, is not a core proceeding and the federal court lacks subject matter jurisdiction over the $10,000 at issue pursuant to the probate exception to federal jurisdiction as reaffirmed by the United States Supreme Court in Marshall v. Marshall, 547 U.S. 293 (2006).

6.     The plaintiff's Notice of Removal alleges that the plaintiff's position as to the funds is detailed in correspondence attached to the Notice of Removal. The attached correspondence fails to provide any legal basis for why the $10,000 was the property of the bankruptcy estate at the time of the decedent's death or why it is the property of the bankruptcy estate at the present time. The plaintiff has not succeeded in avoiding a transfer of $10,000 from the debtor to the defendant in any court, so the $10,000 is not the property of the bankruptcy estate. As property of the Estate of William James Prohofsky, the property falls within the jurisdiction of the probate court.

7.     Since the $10,000 is not the property of the bankruptcy estate and the federal court lacks subject matter jurisdiction over the $10,000 pursuant to the probate exception to federal jurisdiction, remand back to the state court is required by law. Defendant offers, in support of this motion, the attached Memorandum of Law in Support of Defendant's Motion to Remand, Affidavit of Scott M. Hoffman, and Affidavit of Lee S. Prohofsky.

8.     The plaintiff's removal of the case is improper and not objectively reasonable given the law.  The defendant requests that the bankruptcy court order the plaintiff to pay the costs and expenses associated with this motion, including reasonable attorney's fees.

**WHEREFORE**, the defendant respectfully requests that this court:

1.     Remand the action to the Fourth Judicial District Court, Probate Division, County of Hennepin, State of Minnesota.

2.     Award defendant reasonable attorney's fees and costs incurred in conjunction with preparing this Motion for Remand; and

3.     Grant any other relief this court deems just and proper.

Dated: January 14, 2011

                                                                        /e/  Scott M. Hoffman
                                                                Scott M. Hoffman (#0317020)
                                                                1108 Nicollet Mall
                                                                Suite 210
                                                                Minneapolis, Minnesota 55403
                                                                Telephone:  (612) 333-8225
                                                                Facsimile:  (612) 333-5005
                                                                Attorney for Defendant

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

                                           BKY No.: 09-50779-RJK

Dennis E. Hecker,                                   Chapter 7

             Debtor.

_____

Randall L. Seaver, Trustee,                BKY No.: 11-05001-RJK

             Plaintiff,

vs.                                   **AFFIDAVIT OF**
                                          **SCOTT M. HOFFMAN**

Estate of William James Prohofsky,

             Defendant.

_____

STATE OF MINNESOTA )
                      ) ss
COUNTY OF HENNEPIN )

     I, Scott M. Hoffman, being first duly sworn upon oath, state and allege as follows:

1.     I am the attorney representing Lee Prohofsky, the personal representative of the

Estate of William James Prohofsky, in the above entitled matter.

2.     Attached hereto as Exhibit A is a true and correct copy of the Affidavit of Mailing

and Notice to Creditors that I filed on June 17, 2010 with the Fourth Judicial

District Court, Probate Division, Hennepin County, Minnesota in In re Estate of

William James Prohofsky, Court File No. 27-PA-PR-10550.

3.       Attached hereto as Exhibit B is a true and correct copy of a letter dated November

         5, 2010 that I sent to Nicole Engisch, Assistant United States Attorney, requesting

         a return of the $10,000 being held by the U.S. Government.

4.       Attached hereto as Exhibit C is a true and correct copy of a letter dated November

         24, 2010 that I sent to Matthew R. Burton, counsel for Randall Seaver, Trustee,

         rejecting the Trustee's proposed settlement and informing Trustee that the

         Bankruptcy Court lacked jurisdiction over the disputed property.

         FURTHER YOUR AFFIANT SAYETH NAUGHT


Dated:  January 14, 2011

                                                        /e/ Scott M. Hoffman
                                                Scott M. Hoffman


Subscribed and sworn to before me
this 14th day of January, 2011.



     /e/ Sheila Frahm
Notary Public

Commission Expires:  January 31, 2015

STATE OF MINNESOTA

COUNTY OF HENNEPIN

**EXHIBIT**
**A**

DISTRICT COURT
PROBATE COURT DIVISION
FOURTH JUDICIAL DISTRICT

---

In Re:  Estate of

      **William James Prohofsky,**
      a/k/a **William J. Prohosky,**
      a/k/a **Bill Prohofsky**

           Deceased.

Court File No.  27-PA-PR-10550


**AFFIDAVIT OF MAILING**

---

STATE OF MINNESOTA      )
                              ) ss.
COUNTY OF HENNEPIN    )

        Scott M. Hoffman, being first duly sworn on oath, deposes and says that on the 9th day of June, 2010, at Minneapolis in Hennepin County, Minnesota, he mailed a copy of the **Order and Notice of Hearing on Petition for Formal Probate of Will and Appointment of Personal Representative in Unsupervised Administration and Notice to Creditors** hereto attached to each person or entity named below by placing a true and correct copy thereof in a sealed envelope, postage prepaid and depositing the same in the U.S. Mails at Minneapolis, Minnesota, and addressed as follows:

**SEE ATTACHED LIST.**

                                                  Scott M. Hoffman

Subscribed and sworn to before me
this   9th   day of June, 2010.

Notary Public



SHEILA M. FRAHM
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

# SERVICE LIST

| | |
|---|---|
| Lee Prohofsky<br>11625 67th Place North<br>Maple Grove, MN 55369 | Jill Schwartz<br>17810 30th Place North<br>Plymouth, MN 55447 |
| Edward Prohofsky<br>7709 West 24th Street<br>St. Louis Park, MN 55426 | Joyce Prohofsky<br>7709 West 24th Street<br>St. Louis Park, MN 55426 |
| Wells Fargo Card Services<br>MAC# 6053-021<br>P.O. Box 3696<br>Portland, OR 97208-9712<br><br>Acct. No. ▓▓▓▓▓▓▓▓ | DCM Services<br>4150 Olson Memorial Highway<br>Suite 200<br>Minneapolis, MN 55422-4811<br><br>PF Ref No. ▓▓▓▓▓ (Discover) |
| Phillips & Cohen Associates, Ltd.<br>1002 Justison Street<br>Mail Stop: 789<br>Wilmington, DE 19801<br><br>Ref #: ▓▓▓▓ - GM | Credit Collection Services<br>Two Wells Avenue<br>Dept. 773<br>Newton, MA 02459<br><br>File No. ▓▓▓▓▓<br>RBS Citizens Bank |
| GAP/GEMB<br>P.O. Box 530942<br>Atlanta, GA 30353-0942<br><br>Acct. No. ▓▓▓▓▓▓ | Target National Bank<br>3901 West 53rd Street<br>Sioux Falls, SD 57106-4216<br><br>Acct. No. ending in 7436 |
| Discover<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103<br><br>Acct. No. ending in 0638 | North Memorial Ambulance Service<br>4501 68th Avenue N.<br>Minneapolis, MN 55429-1712<br><br>Acct. No. ▓▓▓▓ |
| Medicareblue RX<br>P.O. Box 64002<br>St. Paul, MN 55164-0002<br><br>RX Id: ▓▓▓▓▓ | Department of Employment & Economic Development<br>332 Minnesota Street<br>St. Paul, MN 55101-1351<br><br>Employer Acct. No. ▓▓▓▓▓ |
| Comcast<br>P.O. Box 3002<br>Southeastern, PA 19398-3002<br><br>Acct. # ▓▓▓▓▓ | Northern States Power Co.<br>P.O. Box 8<br>Eau Claire, WI 54702-0008<br><br>Acct. No. ▓▓▓▓▓ |
| Verizon Wireless<br>5175 Emerald Pkwy.<br>Dublin, OH 43017<br><br>Acct. No. ▓▓▓▓▓ | Greenbrier Four Condo Assoc.<br>c/o Gassen Company<br>P. O. Box 466<br>Chaska, MN 55318-0466 |

| | |
|---|---|
| Hodroff-Epstein<br>126 E. Franklin Avenue<br>Minneapolis, MN 55404 | 21st Century Bank<br>Attn: Jeff Mueller<br>21660 S. Diamond Lake Rd.<br>Rogers, MN 55374 |
| Randall Seaver, Trustee<br>c/o James M. Jorissen<br>Leonard, O'Brien, Spencer, Gale & Sayre<br>100 South Fifth Street<br>Suite 2500<br>Minneapolis, MN 55402-1234 | Minnesota Department of Revenue<br>Sales and Use Tax<br>600 North Robert Street<br>St. Paul, MN 55101 |

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| | **PROBATE COURT DIVISION** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

---

| | |
|---|---|
| In the Matter of the Estate of: | Court File No.: 27-PA-PR-10550 |
| **William James Prohofsky,**<br>a/k/a **William J. Prohosky**<br>a/k/a **Bill Prohofsky**<br><br>Deceased. | **ORDER AND NOTICE OF HEARING**<br>**ON PETITION FOR FORMAL**<br>**PROBATE OF WILL AND**<br>**APPOINTMENT OF PERSONAL**<br>**REPRESENTATIVE IN UNSUPERVISED**<br>**ADMINISTRATION AND**<br>**NOTICE TO CREDITORS** |

---

TO ALL INTERESTED PERSONS AND CREDITORS:

It is Ordered and Notice is hereby given that on the 12th day of July, at 9:00 o'clock am, a hearing will be held in the above-named Court at Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota, for the formal probate of an instrument purporting to be the will of the above named deceased, dated October 30, 1976, and for the appointment of Lee Steven Prohofsky, whose address is 11625 67th Place N., Maple Grove, MN 55369, as personal representative of the estate of the above-named decedent in an unsupervised administration, and that any objections thereto must be filed with the Court. That, if proper, and no objections are filed, a personal representative will be appointed to administer the estate, to collect all assets, pay all legal debts, claims, taxes, and expenses, and sell real and personal property, and do all necessary acts for the estate.

Notice is further given that ALL CREDITORS having claims against said estate are required to present the same to said personal representative or to the Court Administrator within four months after the date of this notice or said claims will be barred.

Dated: __May 13, 2010_____


_____Jay M. Quam_____
Judge of District Court


_____Mark S. Thompson_____
Court Administrator

Scott M. Hoffman, I.D. No. 0317020
Attorney at Law
1108 Nicollet Mall, Suite 210
Minneapolis, MN 55403
(612) 333-8225

# SCOTT M. HOFFMAN

EXHIBIT

B

ATTORNEY AT LAW

210 LAFAYETTE BUILDING
1108 NICOLLET MALL
MINNEAPOLIS, MINNESOTA 55403

TELEPHONE (612) 333-8225
FAX (612) 333-5005
*scottmhoffman@comcast.net*

November 5, 2010

Nicole Engisch, Esq.
Assistant United States Attorney
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, Minnesota 55415

**Re:    Estate of William Prohofsky**

Dear Ms. Engisch:

I represent Lee Prohofsky who is the son of William Prohofsky and the Personal Representative of the Estate of William Prohofsky.

It is our understanding that the United States Attorney is in possession of assets that were removed from a safe deposit box belonging to William Prohofsky pursuant to a search warrant. Specifically, we believe that the United States Attorney has cash in the amount of $10,000.00 that was taken from the safe deposit box.

We are not aware of any action commenced by the U.S. Government with respect to the cash that was seized from the safe deposit box. Therefore, we respectfully ask the United States Attorney for the return of the seized money to the Estate so that it can be used to pay unpaid funeral expenses for Mr. Prohofsky. If the United States Attorney has commenced any action with respect to these funds or intends to commence any such action, please provide me with information regarding such action so that the Estate can consider its legal options.

Unfortunately, Mr. Prohofsky's death has left his family with financial obligations that the Estate is unable to pay. If the Estate can recover the money that was taken from Mr. Prohofsky's safe deposit box, it can at least cover most of the Estate's administrative expenses.

Please feel free to contact me to discuss this matter.

Sincerely,

Scott M. Hoffman

cc:    Lee Prohofsky

# SCOTT M. HOFFMAN

EXHIBIT

C

ATTORNEY AT LAW

210 LAFAYETTE BUILDING
1108 NICOLLET MALL
MINNEAPOLIS, MINNESOTA 55403

TELEPHONE (612) 333-8225
FAX (612) 333-5005
scottmhoffman@comcast.net

November 24, 2010

Mr. Matthew R. Burton, Esq.
Leonard O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216

> Re:   *My Client:  Estate of William Prohofsky*
>       *Your Client:  Randall Seaver, Trustee*

Dear Mr. Burton:

I am writing to you in response to our conversation last week and your client's offer to settle the dispute over the $10,000.00 cash being held by the FBI and the U.S. Attorney. As I told you last week, I needed to research the issue before providing you with an answer to your client's offer.

I have completed my research and I have concluded that the Estate of William Prohofsky has the superior claim to the property. Therefore, I am respectfully rejecting your client's settlement proposal.

I have based this decision on the probate exception to federal jurisdiction that the U.S. Supreme Court recently reiterated in *Marshall v. Marshall*, 547 U.S. 293. The probate exception precludes any federal court from endeavoring to dispose of property that is in the custody or jurisdiction of a state probate court. Therefore, if the property falls under the jurisdiction of the probate court, the federal bankruptcy court lacks subject matter jurisdiction to dispose of property or, in this case, to turn the property over to the bankruptcy trustee.

The $10,000.00 at issue was in Mr. Prohofsky's possession at the time of his death since it was in a safe deposit box in his name. The FBI removed the property only after Mr. Prohofsky had died. Therefore, the res became the property of the decedent's estate and fell under the jurisdiction of the Probate Court. As the Supreme Court held in *Marshall*, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction of the same *res*.

The probate exception may not prevent you from seeking a determination that there was a fraudulent transfer made by Mr. Hecker to Mr. Prohofsky, and it is possible that the estate would not contest such a challenge. However, even if the Bankruptcy Court determined that there was a fraudulent transfer and that the bankruptcy estate had a claim to the money, any such claim would have to be brought in the Probate Court and would come behind the administrative expenses.

The Estate is not interested in litigating this if it can be avoided and is willing to try to reach some accommodation with your client on this matter. However, we believe that this matter falls squarely within the probate exception to federal jurisdiction and we will seek an order for the property to be turned over to the Estate and will challenge any attempts by any federal court to exercise jurisdiction over the property in the event that we cannot reach an agreement on this matter.

I have already notified the U.S. Attorney of our objection to the government turning over the property to Mr. Seaver and have asked them to continue to hold the property until there is a settlement or until a court has made a determination of who has the legal right to the $10,000.00.

Very truly yours,

Scott M. Hoffman

cc:     Lee Prohofsky
        Nicole Engisch, Esq.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:

Dennis E. Hecker,

      Debtor.

BKY No.: 09-50779-RJK
Chapter 7

---

Randall L. Seaver, Trustee,

      Plaintiff,

vs.

Estate of William James Prohofsky,

      Defendant.

BKY No.: 11-05001-RJK

**AFFIDAVIT OF
LEE S. PROHOFSKY**

---

STATE OF MINNESOTA )
                   ) ss
COUNTY OF HENNEPIN )

    I, Lee S. Prohofsky, being first duly sworn upon oath, state and allege as follows:

1.    I am the personal representative of the Estate of William James Prohofsky, in the above entitled matter.

2.    Attached hereto as Exhibit A is a true and correct copy of a search warrant and inventory that I found in William Prohofsky's safe-deposit box after the Federal Bureau of Investigation searched the safe-deposit box and seized property from within the box.

FURTHER YOUR AFFIANT SAYETH NAUGHT

Lee S. Prohofsky

Subscribed and sworn to before me
this 12th day of January, 2011.

Notary Public

Commission Expires:  January 31, 2012



SCOTT M HOFFMAN
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2012

# United States District Court

### STATE AND DISTRICT OF MINNESOTA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

Wells Fargo safe deposit box held in the name of W.P., numbered
NOR00210-0189

**SEARCH WARRANT**
Case Number: 10-CR-32 JNE/SRN

TO: Special Agent Patricia Lee Weber and any Authorized Officer of the United States

Affidavit(s) having been made before me by Patricia Lee Weber who has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)
Wells Fargo safe deposit box held in the name of W.P., numbered NOR00210-0189

in the State and District of Minnesota there is now concealed a certain person or property,
namely (describe the person or property)

See attached list of items to be seized.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above-described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before 3/15/10
_____
                                                                    Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search (in the daytime — 6:00 A.M. to 10:00 P.M.)(at any time in the day or night as I find reasonable cause has been
established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the
person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant
to the Magistrate of the month or The Honorable Susan Richard Nelson, United States Magistrate Judge, as required by law.

March 5, 2010       3:08 pm                              at        Minneapolis, MN
_____                          _____
Date and Time Issued                                              City and State
The Honorable Susan Richard Nelson,
UNITED STATES MAGISTRATE JUDGE                                    _Susan Richard Nelson_
_____                          _____
Name and Title of Judicial Officer                               Signature of Judicial Officer

## RETURN

### CASE NUMBER 10-CR-32 JNE/SRN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| 3/5/10 | 4:40pm 3/5/10 | |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

1) Envelope containing Residential Lease / Jacob Holdings of Cross Lake

2) Bankruptcy Court Motion for approval settlement agreement

3) Focus Rental, LLC Memo

4) Emails / Copy of Checks Hecker / Jacob Holdings St. Cloud

5) Envelope labeled 2009 Money for Taxes Containing $10,000

### CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____        _____
U.S. Judge or Magistrate                        Date

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

BKY No.: 09-50779-RJK

Dennis E. Hecker,

Chapter 7

Debtor.

---

Randall L. Seaver, Trustee,

BKY No.: 11-05001-RJK

Plaintiff,

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S
MOTION FOR REMAND
TO STATE COURT**

vs.

Estate of William James Prohofsky,

Defendant.

---

## INTRODUCTION

The defendant, Estate of William James Prohofsky, respectfully submits this
Memorandum of Law in Support of Defendant's Motion for Remand to State Court. The
primary issue in this motion is whether the United States Bankruptcy Court for the
District of Minnesota ("Bankruptcy Court") has subject matter jurisdiction over the
disputed res. For the reasons set forth below, the defendant contends that the Bankruptcy
Court lacks subject matter jurisdiction and must remand the matter to the Fourth Judicial
District Court, Probate Division, Hennepin County, Minnesota ("Probate Court") to hear
this matter.

1.      Does the Bankruptcy Court have subject matter jurisdiction over the disposition of $10,000 in cash seized from the decedent's safe deposit box?

2.      Is the $10,000 cash that was in the decedent's safe-deposit box at the time of his death the property of the bankruptcy estate?

3.      Should the Bankruptcy Court order the plaintiff to pay the defendant's costs and expenses related to this motion pursuant to 28 U.S.C. §1447(c).

## FACTS

1.      The decedent, William James Prohofsky, was the former father in-law of Dennis Hecker, the debtor in the underlying bankruptcy case.  The decedent worked for the debtor prior to and after the debtor filed a petition with the Bankruptcy Court.

2.      On March 4, 2010, the decedent died at North Memorial Hospital in Robbinsdale, Minnesota of a self inflicted gunshot wound.

3.      At the time of his death, decedent maintained a safe deposit box at Wells Fargo Bank.  The decedent had maintained the safe-deposit box and Wells Fargo Bank for over ten years.

4.      On March 5, 2010, the Federal Bureau of Investigation exercised a search warrant for the decedent's Wells Fargo safe-deposit box.  The Federal Bureau of Investigation seized a number of items including an envelope containing $10,000 in cash. The envelope was marked with the words "2009 Money for Taxes."  A copy of the search

warrant and inventory that was left in the safe deposit box is attached to the Affidavit of Lee S. Prohofsky.[1]

5.     On May 7, 2010, decedent's son Lee Prohofsky filed a petition for formal probate of the will of William James Prohofsky and for the appointment of an executor. A hearing was held before Judge Jay Quam in the Probate Court on July 12, 2010 and an Order of Formal Probate of Will and Formal Appointment of Personal Representative was filed on July 28, 2010 appointing Lee Prohofsky as the Personal Representative of the Estate of William James Prohofsky.

6.     Randall Seaver, Trustee was served a copy of the Notice to Creditors by mail on June 9, 2010.  A copy of the Affidavit of Mailing and the Notice to Creditors is attached to the Affidavit of Scott M. Hoffman as Exhibit A.  The Trustee has not filed a claim against the Estate of William James Prohofsky with the Probate Court.

7.     On November 5, 2010, Scott Hoffman, the attorney for the Estate of William James Prohofsky sent a letter to the Assistant United States Attorney requesting a return of the $10,000 that was removed from William Prohofsky's safe deposit box.  A copy of the November 5, 2010 letter is attached to the Affidavit of Scott M. Hoffman as Exhibit B.

---

[1] In addition to the cash taken from the safe deposit box, there were a number of other items taken by the FBI from the safe deposit box and the decedent's car which are being held by the United States Attorney.  The petition before the Probate Court which was removed to the Bankruptcy Court includes a demand for the turn-over of these other assets as well.  The Trustee has not made a claim to these other assets which is why they are not discussed in the Motion and Memorandum.  To the extent that the removal to the Bankruptcy Court calls into question the defendant's right to these additional assets, the legal arguments contained herein apply equally to such assets.

8.     On November 18, 2010, Nicole Engisch, the Assistant United States Attorney investigating matters relating to the Dennis Hecker bankruptcy case, sent a letter to Scott Hoffman notifying him that the Trustee had made a demand for the $10,000 in cash taken from the Wells Fargo safe deposit box, and that the government was planning on turning over the $10,000 to the Trustee to hold in trust until all disputes are settled.  A copy of the letter is attached to the Estate of William James Prohofsky's Petition for Recovery of Property which is attached to plaintiff's Notice of Removal.

9.     On or about November, 22, 2010, Scott Hoffman contacted the Trustee's attorney Matthew Burton to discuss the Trustee's demand for the $10,000 in cash.  On November, 24, 2010, Scott Hoffman sent a follow-up letter to Matthew Burton notifying him that the Probate Court had jurisdiction over the $10,000 due to the probate exception to federal jurisdiction and that any claim for the asset would have to be brought in the Probate Court.  A copy of the letter is attached to the Affidavit of Scott M. Hoffman as Exhibit C.

10.     On December 2, 2010, Matthew Burton sent a letter Scott Hoffman informing Mr. Hoffman that the bankruptcy estate would pursue the asset and rejecting the probate estate's argument that the probate exception precludes the Bankruptcy Court's jurisdiction over the res.  The letter also states that Mr. Burton and the bankruptcy estate believe that they could "establish that the *res* is property of the estate." A copy of the letter, redacted to remove settlement terms, is attached to plaintiff's Notice of Removal.

11.     On December 17, 2010, defendant filed the Petition for Recovery of Property and Order Directing United States Attorney to Turn Over Estate Property in the Fourth Judicial District Court, Probate Division, Hennepin County, Minnesota.  A copy of the petition is attached to plaintiff's Notice of Removal.

12.     On January 5, 2011, plaintiff filed a Notice of Removal removing the proceeding for the turn-over of estate property to the United States Bankruptcy Court, District of Minnesota.[2]

LEGAL ANALYSIS

The issue raised by the defendant's Motion for Remand is which forum has jurisdiction to control and dispose of the $10,000 in cash that was seized from the decedent William Prohofsky's Wells Fargo safe deposit box.  The defendant contends that the Probate Court has jurisdiction over the $10,000 at this time, and has had jurisdiction over the $10,000 since the time of the decedent's death since the cash was in the decedent's safe deposit box at the time of his death.  The Trustee has filed a Notice of

_____

[2] The plaintiff's Notice of Removal states that it "removes this matter" to the United States Bankruptcy Court for the District of Minnesota.  As grounds for removal the plaintiff only refers to the proceeding claiming an interest in the $10,000.  However, in plaintiff's Notice of Filing Notice of Removal which was filed with the Probate Court, plaintiff states that "[t]he above-captioned action is removed from the Fourth Judicial District, County of Hennepin, State of Minnesota, to the United States Bankruptcy Court for the District of Minnesota, and all further proceedings shall be before the United States Bankruptcy Court."  The above-captioned action referred to in the Notice of Filing refers to the entire probate case.  The defendant believes that the Trustee's removal only applies to the proceeding relating to the $10,000 and the defendant's Motion and Memorandum are directed to that removal.  To the extent that the Trustee is attempting to remove the entire probate action to the United States Bankruptcy Court, the defendant objects and notes that probate exception to federal jurisdiction reserves to state courts the probate of a will and the administration of a decedent's estate.  Marshall v. Marshall, 547 U.S. 293, 311, 126 S.Ct. 1735, 1748 (2006)

Removal to the Bankruptcy Court and bases the Bankruptcy Court's jurisdiction on 28 U.S.C. § 1334.

**A.      The Bankruptcy Court lacks subject matter jurisdiction.**

**1.      The probate exception to federal jurisdiction precludes the Bankruptcy Court from exercising jurisdiction over the $10,000.**

The Supreme Court long ago recognized certain judicially created limitations on the jurisdiction of the federal courts.  The probate exception to federal jurisdiction is one of these judicially created doctrines that limit the federal court's jurisdiction in certain limited areas.  In Marshall v. Marshall, the Supreme Court recently reaffirmed and clarified the probate exception to federal jurisdiction.  547 U.S. 293, 126 S.Ct. 1735 (2006).  Prior to Marshall, many federal courts had given very broad interpretations to the probate exception as a result of some ambiguous language provided by the Supreme Court in Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296 (1946).

In Marshall, the Supreme Court narrowed the applicability of the probate exception by clarifying the holding of Markham.  See Marshall, 547 U.S. at 311.  The Supreme Court held that the probate exception proscribes disturbing or affecting the possession of property in the custody of a state court.  Id.  The Supreme Court interpreted the language in Markham as a reiteration of the general principle that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."  Id.  "Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in

the custody of a state probate court." Id at 311-312. Despite these limitations on a federal court's jurisdiction, the Supreme Court made it clear that the exception does not bar federal courts from adjudicating matters outside of the specifically proscribed exceptions and otherwise within federal jurisdiction. Id at 312.

The probate exception as reiterated in Marshall, dictates the outcome of this Motion. The $10,000 in cash was in the decedent's possession at the time of his death since it was locked securely in decedent's safe deposit box. On March 4, 2010, the decedent took his own life, and his property, including the $10,000 in cash, became the property of the decedent's estate. At that time, the Probate Court obtained subject matter jurisdiction over all the property belonging to the decedent's estate, including the $10,000 in decedent's safe deposit box. See Minn. Stat. §§524-1-302 and 524.3-105.

The facts in this case fall squarely within the probate exception described in Marshall. The decedent's death resulted in the decedent's property becoming property of the decedent's estate and falling within the jurisdiction of the Probate Court. Once property is in the jurisdiction of the Probate Court, the probate exception "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall, 574 U.S. at 312.

Despite the fact that the facts clearly indicate that the probate exception applies in this case, the Trustee's counsel argues in his December 2, 2010 letter that the Marshall case is not dispositive of venue and points out that "[t]ort claims can certainly be litigated in the bankruptcy arena." The defendant does not dispute this assertion. In fact, the Supreme Court was clear in its opinion that the probate exception is not a bar to federal

7

courts adjudicating other matters as long as it does not endeavor to dispose of property in the custody of a probate court.  The Trustee appears to be confusing the bankruptcy estate's right to the *res* with the bankruptcy estate's right to make a claim to adjudicate its rights regarding the transfer of property to the decedent.

The case In re Enron is illustrative of the Trustee's confusion in this case.  351 B.R. 305 (Bankr. S.D. N.Y. 2006).  In In re Enron, the Enron Corporation, which had filed for bankruptcy under Chapter 11, filed numerous complaints against the executor of the Baxter estate and other former employees to avoid certain deferred compensation payments.  Id at 307.  The executor of the Baxter estate challenged the jurisdiction of bankruptcy court arguing that the bankruptcy court lacked jurisdiction to hear Enron's claim due to the probate exception to federal jurisdiction.  Id at 309.  The executor argued that Enron was seeking to have the Baxter estate immediately return the compensation to Enron and the bankruptcy court agreed that such an order from the bankruptcy court would represent an exercise of in rem jurisdiction by the bankruptcy court over a res already under the jurisdiction of the Texas probate court.  Id at 310.  However, the bankruptcy court concluded that the executor was mistaken and that Enron was only seeking to adjudicate its rights concerning the fraudulent transfer in the bankruptcy court, an action which did not interfere with the jurisdiction of the Texas probate court.  Id.  The bankruptcy court noted that Enron had stated that it would enforce any judgment from the bankruptcy court regarding avoidance of the transfers in the Texas probate court.  Id.

Likewise, in this case the probate exception does not preclude the Trustee from bringing a tort claim against the probate estate for fraudulent transfer in the Bankruptcy

8

Court and such an action would not interfere with the jurisdiction of the Probate Court. However, just as in <u>In re Enron</u>, any judgment from the Bankruptcy Court would have to be brought to the Probate Court for enforcement and would be subject to the statutes affecting probate property.[3]

2. **The $10,000 in cash is not the property of the bankruptcy estate.**

In the December 2, 2010 letter, the Trustee's counsel stated that "we believe that we can establish that the *res* is property of the estate." This statement was made in an attempt to overcome the jurisdictional argument that was raised by defendant's counsel in his November 24, 2010 letter. Despite the claim by the Trustee's counsel, the Trustee provided no evidence or legal argument to support the claim that the *res* is the property of the bankruptcy estate. In fact, the only issues raised by the Trustee's counsel in his letter were allegations that might support an adversary claim to avoid certain transfers to the decedent; there was nothing at all to support a claim that the *res* is the property of the bankruptcy estate.[4]

The law regarding when property that is subject to a fraudulent transfer claim becomes the property of the bankruptcy estate is well settled. "Only if the trustee is successful in avoiding the transfer and recovering the money…would it be the property

---

[3] It is possible that the Trustee may have missed his opportunity to bring a claim in the Probate Court because the Trustee has failed to file a timely claim despite being provided the Notice to Creditors on June 9, 2010 which included the deadline for filing claims as a potential creditor.

[4] It should be noted that a number of the allegations made by Trustee's counsel in his letter are incorrect including the information regarding decedent's income which was more than double what the Trustee alleges and the information regarding the safe deposit box which the decedent had maintained at Wells Fargo for many years.

of the estate." In re Redding, 247 B.R. 474, 477 (B.A.P 8th Cir. 2000). The

circumstances in In re Redding are nearly identical to the Trustee's claim in this case; the

bankruptcy trustee argued that money that the debtor parents had transferred to their non-

debtor son within one year prepetition was property of the bankruptcy estate. The

Bankruptcy Appellate Panel noted that if the transfer to the son was a fraudulent transfer,

it may be avoidable by the trustee and recoverable under 11 U.S.C. §§ 548 and 550, but

that does not make it property of the estate. Id. Only if the trustee is successful in

avoiding the transfer and recovering the money does it become the property of the estate.

Id.

   This conclusion has been echoed in most of the other courts considering the issue.

See In re Colonial Realty Co., 980 F.2d 125 (2nd Cir. 1992) (concluding that the inclusion

of property that the trustee "recovers" as property of the bankruptcy estate under 11

U.S.C. §541(a)(3) clearly reflects the Congressional intent that such property is not to be

considered property of the estate until it is actually recovered by the estate), see also, In

re ABC-NACO, 331 B.R. 773 (Bankr. N.D. Ill. 2005) (holding that until the estate

obtains a judgment actually avoiding a transfer, the bankruptcy estate holds only an

unvested interest in a cause of action and does not possess a property interest in

transferred property), Klingman v. Levinson, 158 B.R. 109 (N.D. Ill. 1993) (adopting the

analysis of the Colonial case holding that fraudulently transferred property does not

become property of bankruptcy estate until there has been a judicial determination that

the property was fraudulently transferred), In the matter of Thielking, 163 B.R. 543 (S.D.

Iowa 1994) (adopting analysis from Colonial), but see, In re MortgageAmerica Corp, 714

F.2nd 1266 (5th Cir. 1983)(holding that the debtor continued to have a "legal or equitable interest in property fraudulently conveyed under §541(a)(1) of the Bankruptcy Code).

In this case, the Trustee has neither succeeded in avoiding a transfer of $10,000 from the debtor to the decedent nor has he recovered the $10,000. Accordingly, the only interest the Trustee holds is an unvested interest in a cause of action that he can bring in the Bankruptcy Court. Thus, the $10,000 found in the decedent's safe deposit box is not the property of the bankruptcy estate; it is the property of the probate estate and subject to the jurisdiction of the Probate Court.

3.      **The Bankruptcy Court must remand the case to the Probate Court.**

The removing party has the burden to prove that the federal court has subject matter jurisdiction. See McNutt v. General Motors Acceptance Corporation of Indiana, 298 U.S. 178, 56 S.Ct. 780 (1936). The party removing must allege in his pleading facts essential to show jurisdiction; jurisdiction may not be maintained by mere averment. Id at 189. Yet this is exactly what the Trustee has done in this case. The Trustee's Notice of Removal merely cites to a statute that sets forth the jurisdiction of the Bankruptcy Court without providing any factual basis to justify the jurisdiction. The Trustee's Notice of Removal does state that his position as to the funds is detailed in correspondence which is attached to the Notice of Removal, but as already discussed, the correspondence does not provide any basis for jurisdiction. The correspondence merely brushes aside the issue of the probate exception and states that the Trustee believes that he can establish that the *res* is the property of the bankruptcy estate without providing any basis for that belief.

The Trustee has failed to meet his burden of proof that the federal court has jurisdiction to hear the matter that he removed from the Probate Court. Moreover, the defendant has shown that the probate exception to federal jurisdiction prevents the Bankruptcy Court from exercising subject matter jurisdiction over the $10,000. The language of 28 U.S.C §1447(c) mandates that the case be remanded to the state court from which it was removed if the federal court concludes that subject matter jurisdiction is non-existent. Filla v. Norfolk Southern Railway, 336 F.3d 806, 809 (8th Cir. 2003). The language is mandatory and leaves no discretion for a court to dismiss or otherwise exercise jurisdiction over the case. National Benevolent Assoc. of the Christian Church v. Weil Gotshal & Manges, 437 B.R. 342 (B.A.P. 8th Cir. 2010). Since the Bankruptcy Court lacks subject matter jurisdiction, it must remand this matter back to the Probate Court from which it was removed.

**B.** **The Bankruptcy Court should grant the probate estate's motion for costs and expenses because the Trustee's removal was not objectively reasonable.**

Under 28 U.S.C. §1447(c), the Bankruptcy Court is authorized to award costs and expenses, including attorney's fees to a party successfully remanding a case back to state court. In Martin v. Franklin Capital, the Supreme Court addressed the issue of granting attorney's fees under 28 U.S.C. §1447(c). 546 U.S. 132, 126 S.Ct. 704 (2005). The Supreme Court noted that Congress thought that fee shifting was appropriate in some cases because the process of removing a case to federal court and then having it remanded back to state court delays the resolution of the case, imposes additional costs on both parties and wastes judicial resources. Id at 140. Assessing costs and fees on

remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the other party. Id. In light of the Congressional objectives, the Supreme Court concluded that the standard for awarding fees should turn on the reasonableness of the removal. Id at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. In applying the rule, courts have discretion to consider whether unusual circumstances warrant a departure from the rule, such as a failure to disclose facts necessary to determine jurisdiction. Id.

The facts in this case justify an award of attorney's fees. The defendant's counsel informed the Trustee in his November 24, 2010 letter that the bankruptcy court lacked jurisdiction because of the probate exception. Despite this warning, the Trustee chose to ignore the probate exception and remove the case anyway without disclosing any facts that would be necessary to determine jurisdiction. The Trustee's Notice of Removal does not provide any explanation for why the probate exception is inapplicable. The Trustee states that he believes that the property belongs to the bankruptcy estate but provides no explanation for that belief. Moreover, the Trustee's December 2, 2010 letter makes it clear that the Trustee was using the threat of removal to the Bankruptcy Court and its associated cost to the insolvent probate estate as a means to force the probate estate to settle the matter on the Trustee's terms when the Trustee knew or should have known that the Bankruptcy Court did not have jurisdiction.

Under the circumstances, the Trustee's removal was unreasonable. The Trustee simply ignored the existence of the probate exception and apparently did not research the law regarding whether the property belonged to the bankruptcy estate. The result of the Trustee's unreasonable actions is that the probate estate, which is insolvent, has been forced to spend resources that it cannot afford to recover the $10,000 which rightfully belongs to the probate estate. This money is needed to pay for the funeral expenses which remain unpaid at this time. Moreover, the Trustee's actions have unreasonably delayed the administration of the probate estate. For these reasons, the Bankruptcy Court should award attorney's fees to the defendant so that it can use the $10,000 at issue in this case to pay for the funeral expenses and administrative costs of the probate estate.

## CONCLUSION

The Bankruptcy Court lacks subject matter jurisdiction over the $10,000 which was properly under the jurisdiction of the Probate Court. The Trustee improperly removed the action that the defendant brought before the Probate Court to recover the $10,000 from the Federal Bureau of Investigation and the United States Attorney. Accordingly, the Bankruptcy Court must remand the matter back to the Probate Court. In addition, the Bankruptcy Court should award the defendant attorney's fees and costs related to this Motion.

Respectfully submitted,


Dated this 14th day of January, 2011            /e/ Scott M. Hoffman
                                                Scott M. Hoffman (#0317020)
                                                1108 Nicollet Mall, Suite 210
                                                Minneapolis, MN 55403
                                                (612) 333-8225
                                                (612) 333-5005 fax
                                                Attorney for Defendant

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                  BKY No.: 09-50779-RJK
                                                                    Chapter 7
Dennis E. Hecker,

        Debtor.

---

Randall L. Seaver, Trustee,                              BKY No.: 11-05001-RJK

        Plaintiff,

vs.                                                     **CERTIFICATE OF SERVICE**

Estate of William James Prohofsky,

        Defendant.

---

## UNSWORN CERTIFICATE OF SERVICE

I, Scott M. Hoffman, declare under penalty of perjury that on January 14, 2011 I mailed

copies of the attached Notice of Motion and Motion for Remand to State Court,

Memorandum of Law in Support of Defendant's Motion for Remand to State Court,

Affidavit of Scott M. Hoffman, Affidavit of Lee S. Prohofsky and Proposed Order by

first class mail postage prepaid to each entity named below at the address stated below

for each entity:

### SEE ATTACHED SERVICE LIST

Executed on:  January 14, 2010        Signed:   __/e/ Scott M. Hoffman__
                                                Scott M. Hoffman
                                                1108 Nicollet Mall, Suite 210
                                                Minneapolis, MN 55403
                                                Attorney for Defendant

# SERVICE LIST

| | |
|---|---|
| Lee Prohofsky<br>11625 67th Place North<br>Maple Grove, MN 55369 | Jill Schwartz<br>17810 30th Place North<br>Plymouth, MN 55447 |
| Edward Prohofsky<br>7709 West 24th Street<br>St. Louis Park, MN 55426 | Joyce Prohofsky<br>7709 West 24th Street<br>St. Louis Park, MN 55426 |
| United States Attorney<br>c/o Nicole Engisch, Esq.<br>Assistant United States Attorney<br>600 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 | Chase Bank<br>c/o DCM Services, LLC<br>4150 Olson Memorial Highway<br>Suite 200<br>Minneapolis, MN 55422-4811 |
| Federal Bureau of Investigation<br>111 Washington Avenue South<br>Suite 1100<br>Minneapolis, MN 55401 | North Memorial Hospital<br>3300 Oakdale Avenue North<br>Robbinsdale, MN 55422 |
| Chase Bank USA, N.A.<br>c/o West Asset Management<br>7171 Mercy Road<br>P.O. Box 6183<br>Omaha, NE 68106-0183 | North Memorial Ambulance Service<br>c/o Stacy Kroll<br>4501 68th Ave. N.<br>Brooklyn Center, MN 55429 |
| Bank of America, N.A.<br>c/o DCM Services, LLC<br>4150 Olson Memorial Highway<br>Suite 200<br>Minneapolis, MN 55422-4811 | Discover<br>c/o DCM Services, LLC<br>4150 Olson Memorial Highway<br>Suite 200<br>Minneapolis, MN 55422-4811 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

                                                    BKY No.: 09-50779-RJK

Dennis E. Hecker,                                  Chapter 7

             Debtor.

_____

Randall L. Seaver, Trustee,                  BKY No.: 11-05001-RJK

             Plaintiff,

vs.                                          **ORDER**

Estate of William James Prohofsky,

             Defendant.

_____

        This case came before this court on the motion of the personal representative of the Estate of William James Prohofsky seeking remand of the case to the Fourth Judicial District, Probate Court, County of Hennepin, State of Minnesota.

        Based upon the motion and all of the files and records submitted to the court,

        It is ordered:

        1.      The case is remanded to the Fourth Judicial District Court, Probate Division, County of Hennepin, State of Minnesota.

        2.      The plaintiff shall pay the defendant's costs and expenses associated with preparing and filing this motion, including the defendant's reasonable attorney's fees.


Dated:                                   _____
                                          United States Bankruptcy Judge

# SERVICE LIST

| | |
|---|---|
| Lee Prohofsky<br>11625 67th Place North<br>Maple Grove, MN 55369 | Jill Schwartz<br>17810 30th Place North<br>Plymouth, MN 55447 |
| Edward Prohofsky<br>7709 West 24th Street<br>St. Louis Park, MN 55426 | Joyce Prohofsky<br>7709 West 24th Street<br>St. Louis Park, MN 55426 |
| Wells Fargo Card Services<br>MAC# 6053-021<br>P.O. Box 3696<br>Portland, OR 97208-9712<br><br>Acct. No. ██████████ | DCM Services<br>4150 Olson Memorial Highway<br>Suite 200<br>Minneapolis, MN 55422-4811<br><br>PF Ref No. ████████ (Discover) |
| Phillips & Cohen Associates, Ltd.<br>1002 Justison Street<br>Mail Stop: 789<br>Wilmington, DE 19801<br><br>Ref #: ████████ - GM | Credit Collection Services<br>Two Wells Avenue<br>Dept. 773<br>Newton, MA 02459<br><br>File No. ████████<br>RBS Citizens Bank |
| GAP/GEMB<br>P.O. Box 530942<br>Atlanta, GA 30353-0942<br><br>Acct. No. ██████████ | Target National Bank<br>3901 West 53rd Street<br>Sioux Falls, SD 57106-4216<br><br>Acct. No. ending in 7436 |
| Discover<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103<br><br>Acct. No. ending in 0638 | North Memorial Ambulance Service<br>4501 68th Avenue N.<br>Minneapolis, MN 55429-1712<br><br>Acct. No. ████████ |
| Medicareblue RX<br>P.O. Box 64002<br>St. Paul, MN 55164-0002<br><br>RX Id: ████████ | Department of Employment & Economic<br>Development<br>332 Minnesota Street<br>St. Paul, MN 55101-1351<br><br>Employer Acct. No. ████████ |
| Comcast<br>P.O. Box 3002<br>Southeastern, PA 19398-3002<br><br>Acct. # ████████ | Northern States Power Co.<br>P.O. Box 8<br>Eau Claire, WI 54702-0008<br><br>Acct. No. ████████ |
| Verizon Wireless<br>5175 Emerald Pkwy.<br>Dublin, OH 43017<br><br>Acct. No. ████████ | Greenbrier Four Condo Assoc.<br>c/o Gassen Company<br>P. O. Box 466<br>Chaska, MN 55318-0466 |